UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATES OF NEW YORK *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WHEELER, as Administrator of the United States Environmental Protection Agency, *et al.*, <br><br> Defendants. | 18-cv-1030 (JPO) |
| NATURAL RESOURCES DEFENSE COUNCIL *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY *et al.*, <br><br> Defendants. | 18-cv-1048 (JPO) |

**DEFENDANTS' NOTICE OF ACTIVITY IN RELATED CASE
AND SUGGESTION OF MOOTNESS**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2739
*Attorney for Defendants*

DAVID S. JONES, Assistant United States
Attorney, *Of Counsel*

Defendants hereby notify the Court of the following developments in other cases seeking review of the Applicability Rule, the agency action that is challenged by Plaintiffs in these cases.

The Applicability Rule was promulgated on February 6, 2018. *See* "Definition of 'Waters of the United States'—Addition of an Applicability Date to 2015 Clean Water Rule," 83 Fed. Reg. 5200 (Feb. 6, 2018). The Rule added an applicability date of February 6, 2020 to the Federal Defendants' 2015 regulation defining the term "waters of the United States" under the Clean Water Act ("the 2015 WOTUS Rule"). Because the 2015 WOTUS Rule has been preliminarily enjoined in many states and the Federal Defendants are undertaking further rulemaking to potentially rescind or revise the definition of "waters of the United States," Federal Defendants concluded that the Applicability Rule would serve the public interest by maintaining the pre-2015 regulatory framework for a time so that only one regulatory definition of "waters of the United States" will be applicable throughout the entire United States. *See* 83 Fed. Reg. at 5202 ("[T]he agencies recognize the need to provide clarity, certainty, and consistency nationwide.").

The Applicability Rule was challenged in this Court and in cases filed in two other district courts, as discussed below.

In *South Carolina Coastal Conservation Commission v. Pruitt*, Case No. 2:18-cv-330 (D.S.C.), the South Carolina District Court granted summary judgment in favor of the plaintiffs and enjoined the Applicability Rule nationwide. *Id.*, ECF No. 66 (Order of Aug. 16, 2018). The plaintiffs sought clarification of the court's order, and the Federal Defendants filed a notice of appeal and sought a stay of the court's order pending appeal. *Id.*, ECF Nos. 70, 72. The court granted the motion for clarification by the plaintiffs, and ordered the Applicability Rule vacated

nationwide and enjoined nationwide. *Id.*, ECF No. 89 (Order of Dec. 4, 2018). The court simultaneously denied Federal Defendants' motion for a stay. *Id.*

On November 26, 2018, the Western District of Washington District Court granted summary judgment in favor of the plaintiffs in *Puget Soundkeeper v. Pruitt*, Case No. 2:15-cv-1342, ECF No. 61 (granting in part and denying in part plaintiffs' motion for summary judgment). That court also vacated the Applicability Rule nationwide. *Id*. The Federal Defendants filed an appeal in the Ninth Circuit. *Puget Soundkeeper v. Pruitt*, Case No. 2:15-cv-1342, ECF No. 63 (notice of appeal).

The Federal Defendants have now withdrawn their appeals in the Fourth and Ninth Circuit Courts of Appeal. *See* Appeal No. 18-1988(L), Dkt. No. 25 (4th Cir. Mar. 8, 2019); Appeal No. 19-35074, Dkt. No. 11 (9th Cir. Mar. 8, 2019). Further, no other party is maintaining an appeal in either case. Because there are no pending appeals of the decisions of the District Courts in South Carolina and the Western District of Washington, and those courts have vacated and/or enjoined the Applicability Rule nationwide, there is no effective relief that this Court can provide Plaintiffs in these two matters.

"It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 12 (1992) (citations and internal quotation marks omitted). Plaintiffs' claims in these cases relating to the Applicability Rule are now moot and should therefore be dismissed.

Dated: New York, New York
March 8, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: /s/ *David S. Jones*
DAVID S. JONES
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2739
Facsimile: (212) 637-2750